(7 Misc. Rep. 488.)

### DAVIS v. DAYTON et al.

(Common Pleas of New York City and County, General Term. March 16, 1894.)

NEGOTIABLE INSTRUMENTS—BONA FIDE PURCHASER OF CHECK.

One who purchases a check two days after it was made, from an indorsee of the payee, and pays full value for it, is a bona fide purchaser, and an answer, in an action against the maker, alleging that the note was given for the accommodation of the payee, states no defense unless it also alleges that there was a diversion of the check.

Appeal from city court, general term.

Action by Eliphalet L. Davis against Ella V. A. Dayton and another on a check. From an order of the city court (26 N. Y. Supp. 727) affirming a judgment in favor of plaintiff entered on a verdict, defendants appeal. Affirmed.

Argued before DALY, C. J., and BISCHOFF and PRYOR, JJ.

A. P. W. Seaman, for appellants.

Foley & Powell, for respondent.

PER CURIAM. The action was upon a check made by Ella V. A. Dayton, and indorsed by Abram H. Dayton. Both defendants put in issue the allegations of the complaint, and the answer of Mr. Dayton sets up that the check was signed in blank by Mrs. Dayton, and delivered to him, to be used as he might require, when there was any balance in bank to draw against; and that he delivered the check to one Ward, who had previously asked him for a note or check for his (Ward's) accommodation, and that Ward received the check on the agreement that it should not be presented for payment, or deposited, and was informed that there were no funds in bank to meet it; and that, if it was transferred to plaintiff, it was after it was due and payable, and without consideration, and with knowledge on plaintiff's part that it was made without consideration, and for the accommodation of Ward. On the trial the plaintiff proved that he received the check two days after it was made, and that he paid Ward the whole face of the check, and was told by the latter to hold it. It was presented afterwards at the bank for payment, and payment was refused. Plaintiff was a bona fide holder of the check, and entitled to enforce it against the maker, who had made it for the accommodation of the indorser, and against the latter, who indorsed it, and transferred it to Ward for the accommodation of the latter. It had legal inception when plaintiff purchased it from Ward for full value. No defense of diversion was pleaded, and the court properly excluded offer of proof thereof, either by Dayton or Ward, although, when plaintiff waived objection to such proof, defendants did not offer any. The exceptions are unavailing. There was a motion to dismiss the complaint

(made apparently before plaintiff rested) on the ground that there was no proper demand and notice to charge the indorser; but, after the plaintiff rested, the motion was not renewed and no further objection was made on that ground. Exception was taken to the exclusion of a conversation between Ward and a witness called for defendants. The object of it was not stated, except that it was to be connected so as to prove knowledge of the plaintiff. Plaintiff's knowledge could not be proved by giving testimony as to what Ward knew, said, or heard. Judgment affirmed, with costs.